UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| YEHUDAH TZIYON KE'ISH MIL'CHAMOT,<br><br>                        Petitioner,<br><br>        -against-<br><br>WARDEN PRINCE OF O.B.C.C.,<br><br>                        Respondent. | 26-CV-3072 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who currently is a pretrial detainee at the Otis Bantum Correctional Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, challenging his ongoing criminal proceedings arising from an October 10, 2024 arrest in Bronx County. The Court granted Petitioner's request to proceed *in forma pauperis* ("IFP), but denies the petition without prejudice for the reasons set forth below.

### STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND AND DISCUSSION

This application is Petitioner's eighth *habeas corpus* petition filed in this court in which he seeks to challenge his ongoing Bronx County criminal proceedings. *See Milchamot v. Warden of O.B.C.C.*, No. 25-CV-9892 (LTS) (S.D.N.Y. Mar. 11, 2026) (denying Section 2254 petition and declining to construe as a petition under Section 2241 because Petitioner did not allege he exhausted state court remedies); *Milchamot v. New York City Dep't of Corrs.*, No. 25-CV-4971 (KMW) (S.D.N.Y. July 11, 2025) (denying Section 2241 petition for failure to exhaust state court remedies); *Milchamot v. His Assassins*, No. 25-CV-2958 (LTS) (S.D.N.Y. May 27, 2025) (denying Section 2254 petition and declining to construe as a petition under Section 2241 because Petitioner did not allege he exhausted state court remedies); *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-3528 (LTS) (S.D.N.Y. Apr. 30, 2025) (Section 2254 petition dismissed as duplicative of No. 25-CV-2958); *Milchamot v. Warden of O.B.C.C.*, No. 25-CV-2979 (LTS) (S.D.N.Y. May 27, 2025) (denying Section 2254 petition and declining to construe as a petition under Section 2241 because Petitioner did not allege he exhausted state court remedies); *Milchamot v. Chief Bronx Dist. Attorney*, No. 25-CV-1157 (JPC) (S.D.N.Y. Apr. 1, 2025) (construing Section 2254 petition as brought under Section 2241, and denying petition for failure to exhaust state court remedies); *Milchamot v. Chief, Bronx Dist. Attorney*, No. 24-CV-9295 (LTS) (S.D.N.Y. Jan. 13, 2025) (denying Section 2254 petition and declining to construe submission as a petitioner under Section 2241).

Petitioner alleges in this petition that the Appellate Division, First Department, is "corrupt[]" and will "not process" his appeal, and that he has "tons of proof." (ECF 1 at 3.)

Attachments to the petition show that there is an appeal pending in the First Department, under Docket Number 2026-00614, from the denial of a *habeas corpus* petition that Petitioner filed in state court. (ECF 1 at 11.) Publicly available records show that by order issued April 14, 2026, the First Department granted Petitioner leave to "have the appeal heard on the original record," and waived the fees for a subpoena and filing of the record.[1]

Accordingly, this new submission is dismissed for the reasons stated in the July 11, 2025 order in *Milchamot*, No. 25-CV-4971. Before Petitioner can seek federal *habeas* relief, in addition to being in custody pursuant to a judgment of conviction, Petitioner first must exhaust all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner does not allege that he exhausted his state court remedies before filing this petition.[2] Although Petitioner alleges that the First Department is not processing his appeal, publicly available records show that the matter is proceeding.

Moreover, even if Petitioner had exhausted his remedies before filing this action, he does not state any facts suggesting that this Court should intervene in his ongoing criminal proceedings under the *Younger* doctrine.[3]

---

[1] *See Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (noting that courts may consider matters that are subject to judicial notice, including court records).

[2] Exhaustion of state court remedies is required under Section 2241. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism.").

[3] In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37; *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending

3

**CONCLUSION**

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2241 is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   June 12, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

state criminal proceeding, federal courts must refrain from enjoining the state prosecution.").